**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:07CV249**

| | | |
|---|---|---|
| **RANKIN-PATTERSON OIL COMPANY, INC., and PATTERSON-UNRUH CORPORATION,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **Vs.** | ) ) | **TEMPORARY RESTRAINING ORDER** |
| **UNITED ENERGY DISTRIBUTORS, INC.,** | ) ) ) | |
| **Defendant.** | ) ) | |

**THIS MATTER** is before the Court on the Plaintiffs' motion for a

temporary restraining order.  No response from the Defendant is required.

On July 13, 2007, the Defendant removed this action from the

General Court of Justice, Superior Court Division of Buncombe County.  At

the time of removal, Resident Superior Court Judge James U. Downs had

entered a temporary restraining order and scheduled a hearing for 10:00

AM, on Monday, July 16, 2007.  The removal by the Defendant of the

action precluded Judge Downs from hearing the motion for a preliminary

injunction.

This action stems from the Plaintiffs' allegations that during negotiations for the sale of its business, it revealed confidential and proprietary information to the Defendant. In fact, the parties entered into a confidentiality agreement concerning such information. When those negotiations failed, the Defendant breached the agreement, began to use that information, and contacted the Plaintiffs' customers to take business away from them. On July 12, 2007, Judge Downs entered a temporary restraining order which prohibited the Defendant from contacting the Plaintiffs' customers and using the confidential information which had been disclosed to the Defendant.

In evaluating a request for a temporary restraining order, the Court considers the same factors applied to a motion for a preliminary injunction. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, **174 F.3d 411 (4ᵗʰ Cir. 1999).**

> In considering the propriety of a preliminary injunction, this Court does not determine whether a confidentiality . . . agreement is in fact enforceable, but reviews the evidence and determines (1) whether plaintiff has met its burden of showing a likelihood of success on the merits and (2) whether plaintiff is likely to sustain irreparable loss unless the injunction is issued.

*Lloyd v. Southern Elevator Co., Inc.*, **2007 WL 1892500, at \*3 (2007) (citing *OSP, Inc. v. Hair*, 152 N.C. App. 174, 176, 566 S.E.2d 851, 853**

**(2002)).** An injunction may also issue "'if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.'"[1] ***Kennedy v. Kennedy*, 160 N.C. App. 1, 8, 584 S.E.2d 328, 333 (2003) (quoting *Redlee/SCS, Inc. v. Pieper*, 153 N.C. App. 421, 423, 571 S.E.2d 8, 11 (2002)).**

A temporary restraining order is an extraordinary remedy which involves the exercise of far-reaching powers which are to be used sparingly by a court. ***Scotts Co. v. United Indus. Corp.*, 315 F.3d 264 (4th Cir. 2002).** However, it may issue in order to maintain the status quo between the parties when the above factors are met. ***In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003).** "A Rule 65 TRO [temporary restraining order] often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application, while a Rule 65 preliminary injunction is often used to maintain the status

---

[1]The Court has also considered the factors set forth by the Fourth Circuit in addition to the state law factors. Those factors are: (1) the likelihood of irreparable harm to the Plaintiffs if the temporary restraining order is denied; (2) the likelihood of harm to the Defendant if the relief is granted; (3) the likelihood that the Plaintiffs will succeed on the merits in the lawsuit; and (4) the public interest. ***East Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004).**

quo until a court can enter a final decision granting a permanent injunction or some other final relief." ***United States v. DBB, Inc.***, **180 F.3d 1277, 1282 n.5 (11ᵗʰ Cir. 1999); *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1124-25 (2d Cir. 1989) (The function of a TRO is to maintain the status quo until a full review of the facts and legal arguments is available.).**

"'[I]ntimate knowledge of the business operations or personal association with customers provides an opportunity to [a] . . . [party to a confidentiality agreement] to injure the business of the [other party].'" ***Redlee/SCS***, *supra* **(quoting OSP, 152 N.C. App. at 174, 566 S.E.2d at 851).**  The Court has reviewed the complaint and finds that the facts alleged would show a breach of the confidentiality agreement.  A copy of that agreement is attached to the complaint and would prohibit the conduct alleged.  It, therefore, appears from specific facts shown by the verified complaint that immediate and irreparable injury, loss, or damage will result to the Plaintiffs and a temporary restraining order is necessary to maintain the status quo.  This order is granted with notice to the Defendant but prior to response due to the harm involved.

Moreover, the Court finds it compelling that Judge Downs entered a temporary restraining order, but before the hearing scheduled therein, the Defendant removed the action to this Court.  The opinion of the state court judge that a temporary restraining order was appropriate is entitled to serious consideration by this court.

**IT IS, THEREFORE, ORDERED** that a temporary restraining is hereby **GRANTED** and the Defendant, its agent, officers and representatives, and persons in active contact with the Defendant, are hereby restrained and enjoined from contacting any of the Plaintiffs' retail outlet customers and using the confidential information disclosed to the Defendant for any purpose whatsoever.

**IT IS FURTHER ORDERED** that the Plaintiffs shall post a bond with this Court in the amount of $2,000 as security for costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained.

**IT IS FURTHER ORDERED** that this temporary restraining order shall expire at the conclusion of ten days from entry of this Order.

**IT IS FURTHER ORDERED** that this matter be set for hearing before a another judicial officer of this District in view of the impending vacation plans of the undersigned.

**ENTERED, this day at 5:00 P.M.**

Signed: July 16, 2007

Lacy H. Thornburg
United States District Judge